UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GARY GENE WRIGHT,

        Plaintiff,

v.                             Case No. 3:10-cv-292-J-34JRK

JOHN H. RUTHERFORD,
etc.; et al.,

        Defendants.

_____

**<u>ORDER</u>**

Plaintiff Gary Gene Wright, an inmate of the Florida penal system who is proceeding <u>in forma pauperis</u> and <u>pro se</u>, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) under 42 U.S.C. § 1983 on August 27, 2009, pursuant to the mailbox rule. Thereafter, Plaintiff filed an Amended Complaint (Doc. #20), in which he names the following individuals as the Defendants: (1) Sheriff John H. Rutherford, (2) Destiny Jones, (3) K.S. Bush, (4) J.E. Smith, (5) D.L. Baker, and (6) M.J. Powers. Plaintiff Wright claims that, while he was housed at the Pretrial Detention Facility (PTDF), the Defendants, at the request of Defendant Destiny Jones, incorrectly placed inmate Aquila Jones in the same cell as Wright, resulting in Aquila's assault upon Wright on June 23, 2008. Wright asserts that Defendant Destiny Jones and inmate Aquila Jones are relatives of Cordero Jones, whom Wright was accused of killing, and that Aquila's assault upon Wright was retaliatory. As relief, he

requests compensatory and punitive damages as well as declaratory and injunctive relief.

This cause is now before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Motion to Dismiss) (Doc. #38), filed June 10, 2010, in which they argue that Plaintiff failed to exhaust administrative remedies.[1]  See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'") (footnote and citations omitted), cert. denied, 129 S.Ct. 733 (2008).  Since Plaintiff is appearing pro se, the Court advised him on how to properly respond to the motion to dismiss and gave him an opportunity to respond. See Court's Order Directing Service of Process Upon Defendants; Notice to Plaintiff (Doc. #31) (allowing forty days to file a response), filed May 26, 2010.  Plaintiff filed an opposition brief on August 9, 2010, with a supporting affidavit.[2]  See Response to Respondents' Motion to Dismiss (Response) (Doc. #41).  Thus, the Motion to Dismiss is now ripe for review.

---

[1] Defendants' exhibit will be referred to as "Def. Ex."

[2] Plaintiff's exhibit will be referred to as "P. Ex."

On April 26, 1996, the President signed into law the Prison Litigation Reform Act (PLRA), which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Thus, exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA. Bryant v. Rich, 530 F.3d at 1374; Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted). Furthermore, "the exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (citing Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir. 1998)).

Defendants contend that Plaintiff has failed to exhaust his available administrative grievance remedies, as required by the PLRA. Specifically, Defendants assert that inmates at the PTDF are given information regarding the facility's grievance procedure when

they arrive at the facility, that Wright was given such grievance information, and that Wright did not file any grievance at the PTDF regarding any of the events of June 23, 2008.   Def. Ex. 1, Affidavit of Tara H. Wildes, Chief of the Duval County PTDF, dated June 9, 2010.[3]

Plaintiff, in the Amended Complaint, does not mention that he filed or attempted to file any grievance as a result of the events described in the Amended Complaint.   In response to the Motion to Dismiss, Plaintiff concedes that he did not file any grievance concerning the alleged June 23, 2008 events at the PTDF, stating that the Defendants generally made the administrative remedies unavailable to inmates due to their failure to investigate and supervise.   See Response at 3-4 (citing Amended Complaint at 5, paragraph 3).   Specifically, Plaintiff states that, after the June 23, 2008 assault, he requested a grievance form from the unit officer and was told that if he pursued his grievance or complained, he would be beaten worse than he had just been beaten. P. Ex. A, Plaintiff's Affidavit, paragraph 5, dated July 15, 2010. Plaintiff contends that, with that threat, the jail officials

---

[3] See Brown v. Darr, No. 4:09-CV-130-CDL-GMF, 2010 WL 1416552, at *3 (M.D. Ga. Mar. 3, 2010) (noting that "the parties may submit documentary evidence concerning the exhaustion issue and doing so will not required the conversion of the motion to dismiss into a summary judgment motion").

rendered the grievance process "unavailable" to him.  Response at 5.[4]

The record reflects that the Florida Department of Corrections (FDOC) took custody of Wright on December 11, 2008, less than six (6) months after the June 23, 2008 alleged attack.  <u>See</u> http://www.dc.state.fl.us/ActiveInmates (website for the FDOC). Later, on August 27, 2009, Wright initiated this lawsuit in federal court.  Thus, even assuming that the unnamed jail official's alleged threat made the administrative remedy at the PTDF "unavailable" to him while housed there, the administrative remedy became "available" when he was transferred from the PTDF into the custody of the FDOC.  Additionally, Wright concedes that he was aware of the administrative grievance procedures at the PTDF; he knew enough to request a grievance form.

Upon Wright's transfer on December 11, 2008, the PTDF's administrative grievance procedure was available to Wright prior to his filing this action.  That administrative grievance procedure is still available to him to grieve the issues concerning the June 23, 2008 incident, and Wright has the opportunity to show good cause for any tardiness.  <u>See</u> <u>Schlicher v. Fla. Dep't of Corr.</u>, No. 09-16272, 2010 WL 3933384, at *1 (11th Cir. Oct. 8, 2010) ("When a prisoner alleges that he did not have timely access to the required grievance forms, he still fails to exhaust his administrative

_____

    [4] <u>See</u> <u>Turner v. Burnside</u>, 541 F.3d 1077, 1085 (11th Cir. 2008).

remedies if he does not request consideration of an untimely grievance) (citation omitted); Bryant v. Rich, 530 F.3d at 1373 (recognizing that grievance procedures provide inmates with the opportunity to request consideration of untimely grievances for good cause).

Thus, taking Plaintiff's allegations (contained within Plaintiff's Amended Complaint and the attached Affidavit) as true, this action is due to be dismissed without prejudice for Plaintiff's failure to properly exhaust the available administrative remedies. Turner v. Burnside, 541 F.3d 1077, 1082-83 (11th Cir. 2008) (explaining the two-step process in deciding a motion to dismiss for failure to exhaust administrative remedies and noting that, since the district court had concluded, at the first step, that even taking Plaintiff's version of the facts as true he had not exhausted his administrative remedies, the court never reached the second step of resolving any factual disputes between the parties about exhaustion).

Accordingly, Defendants' Motion to Dismiss will be granted to the extent that this case will be dismissed without prejudice[5] for Plaintiff's failure to properly exhaust the available administrative remedies.

---

[5] Although Defendants request a dismissal with prejudice, see Defendants' Motion to Dismiss at 12, this Court will dismiss the case without prejudice. See Bryant v. Rich, 530 F.3d at 1375 n.11. Plaintiff Wright has access to the grievance procedure at the PTDF to grieve the incident.

Therefore, it is now

**ORDERED**:

1.    Defendants' Motion to Dismiss (Doc. #38) is **GRANTED** only to the extent that this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to properly exhaust the available administrative remedies.

2.    The Clerk of Court shall enter judgment dismissing this case **without prejudice** and shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of November, 2010.

**MARCIA MORALES HOWARD**
United States District Judge

sc 11/30
c:
Gary Gene Wright
Ass't General Counsel (Burkett)